FILED

2013 Oct-10  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2:13-cv-00891-JHH** |
| **v.** | ) | |
| | ) | |
| **TONY R. STONE, TODD STONE,** | ) | |
| **AMBER WILLIAMS, LEZLIE** | ) | |
| **PARRISH MASSEY, HELEN** | ) | |
| **EFFIE PAPPALARDO,** | ) | |
| **D.S., a minor, HARRY STONE** | ) | |
| **SHERRY STONE, TERRY** | ) | |
| **BUTLER, AND WILSON** | ) | |
| **FUNERAL HOME,** | ) | |
| | ) | |
| Defendants. | ) | |

## THE ESTATE OF BARRY STONE'S
## MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT

**COMES NOW** the Estate of Barry Stone (the "Estate"), by and through counsel, and moves this Court for permission to intervene in this cause as a Defendant. In support thereof, the Estate states as follows:

## INTRODUCTION

The Estate hereby moves pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene in order to protect its interest in the property or transaction that is the subject of the action. The disposition of this case may, as a practical

matter, impair or impede the Estate's ability to protect its interest, and its interests will not be adequately represented by the existing parties to the litigation[1].

The Estate is an intestate estate open in the Probate Court of DeKalb County, Alabama. On October 28, 2011, the DeKalb County Probate Court appointed the DeKalb County Administrator, Patrick H. Tate, as Administrator of the Estate. (*See* Letters of Administration, attached hereto as Exhibit B).

## BACKGROUND

### A. Procedural History

The plaintiff, Metropolitan Life Insurance ("MetLife"), has initiated this interpleader action asking the Court to determine the rightful beneficiary to various life insurance benefits ("Benefits"), totaling $110,000, on the life of Barry Stone ("Decedent"), who died October 10, 2011. (*See* Complaint for Interpleader, Doc. 1).   MetLife has identified nine alternative beneficiaries: (1) Tony R. Stone ("Tony"), a son of the Decedent; (2) Todd Stone ("Todd"), a son of the Decedent; (3) Amber Williams ("Amber"), a daughter of the Decedent; (4) Lezlie Parrish Massey ("Lezlie"), a daughter of the Decedent; (5) Helen Effie Pappalardo ("Helen"), the mother of the Decedent; (6) D.S. ("D.S."), a minor child of the Decedent; (7) Terry Butler ("Terry"), a sister of the Decedent; (8) Sherry Stone ("Sherry"), a sister of the Decedent; and (9) Wilson Funeral Homes ("Wilson"), the funeral home providing final services for the Decedent. (Doc. 1 ¶ 2-11). Wilson is purportedly an assignee of $6,694 in the Benefits from Todd. (Doc. 1-8).

### B. Factual History

The Decedent was killed on October 10, 2011 by his son Tony. Tony pled guilty to manslaughter on September 4, 2012 and was sentenced to 20 years of

---

[1] The Estate's proposed Answer is attached hereto as Exhibit A

incarceration split to serve five years. (Doc. 1-7, p.2).  Tony was designated as the sole primary beneficiary of the Benefits. (Doc. 1-3). There was no secondary beneficiary listed.

The Summary Plan Description (the "Plan") (Doc. 1-1) provides certain provisions regarding the Benefits. The Plan contains the following provision:

> If there is no beneficiary designated or no surviving beneficiary at your death, we may determine the beneficiary to be one or more of the following who survive you:
>
> - Your spouse;
> - Your child(ren)
> - Your parents; or
> - Your siblings
>
> **Instead of making payment to any of the above, we may pay your estate.** Any payment made in good faith will discharge our liability to the extent of such payment. If a beneficiary or a payee is a minor or incompetent to receive payment, we will pay that person's guardian.

(Doc. 1-1, p. 80)(emphasis added).

## ARGUMENT

**I. The Estate has an unconditional right to intervene pursuant to 29 U.S.C. §1132(a)(1).**

Intervention as a matter of right is proper pursuant to Rule 24(a)(1) when that party is "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The Estate, as discussed in section two, is a potential beneficiary of the Benefits. Therefore, the Estate would have the authority to bring a civil

action to "… enforce [its] rights under the terms of the plan, or to clarify [its] rights to future benefits under the terms of the plan." 29 U.S.C §1132(a)(1)(B).

The issue is whether the authority to bring a civil action pursuant to §1132 confers the unconditional right to intervene. The Estate has been unable to find any case law directly related to actions under the Employee Retirement Income Security Act (ERISA), 29 U.S.C §1001, *et seq.* that would answer this question. The United States Supreme Court, in *Allen Calculators v. National Cash Register Co.*, 322 U.S. 137, 141, 64 S.Ct. 905, 88 L.Ed. 1188 (1944), found that a section of the Clayton Act authorizing private parties to sue for damage resulting from violation of antitrust law did not grant an unconditional right to intervene in an action by the United State under the Sherman Act.

The Estate would argue, however, that *Allen Calculators* should only be construed as denying a right to intervene in government antitrust suits. In this regard, there is an example where an unconditional right to intervene was found to exist pursuant to a right to bring an action under the Fair Labor Standards Act (FLSA). In *Tennessee Coal, Iron & R. Co. v. Muscoda Local 123*, 5 F.R.D. 174 (N.D. Alabama March 28, 1946), the court found that liberally construing a provision in the FLSA that expressly stated that "one or more employees similarly situated can jointly originate such an action under the terms of the Act …" would constitute the unconditional right to intervene. The court reasoned that it "would be an excessively strict construction which would say that parties who have an absolute right to join as plaintiffs have less than an absolute right to intervene in the action …" *Tennessee Coal, Iron & R. Co.,* 5 F.R.D. at 176.

The Estate contends, therefore, that its right to bring an action pursuant to §1132 – to either enforce or clarify its rights under the Plan – would confer an unconditional right to intervene in this action.

## II. Intervention by the Estate is appropriate to protect the Estate's ability to affect proper administration.

The Estate should be permitted to intervene as a matter if right pursuant to Rule 24(a)(2) to prevent the disbursement of Benefits that are likely to be wasted, to the prejudice of those persons interested in the Estate. The Decedent was killed by his son Tony, the sole beneficiary of the Benefits. Pursuant to the Code of Alabama §43-8-253(c) (Alabama's "Slayer Statute"), Tony is not entitled to any of the benefits. This Court is called upon to determine whether, under federal law, Tony is disqualified from receiving the Benefits.

In order to properly intervene as of right, under Rule 24(a)(2), "… a party must establish that '(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.'" *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302 (11th Cir.2008)(quoting *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989)); *see also Athens Lumber Co. v. FEC,* 690 F.2d 1364, 1366 (11th Cir.1982).

### 1. The Estate's motion to intervene is timely.

The Decedent was killed on October 10, 2011. Tony pled guilty on September 4, 2012. Metlife filed this interpleader action on May 10, 2013. The timeliness of the motion requires an analysis of several factors, such as:

(1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, FL,* 254 F. App'x 769, 771 (11th Cir.2007) (per curiam) (*citing United States v. Jefferson County,* 720 F.2d 1511, 1516 (11th Cir.1983)).

> ### i. The Estate has petitioned for leave to intervene within a reasonable length of time.

The Administrator of the Estate has had previous dealings with MetLife, as well as the Decedent's employer, regarding the life insurance proceeds. In an email chain dating back to February 2012, MetLife had notice that the Estate was inquiring into the Benefits and that they may be a part of the Decedent's estate. (*see* Email titled "Stone life claim" attached hereto as Exhibit C). For some reason or another, the Estate was not included as a defendant when this action was filed.

Given the amount of time between the guilty plea of Tony and the filing of this interpleader (approximately eight months), the length of time between filing of this action and the Estate's motion to intervene (approximately five months) is not an unreasonable amount of time. Moreover, counsel for the Estate and its Administrator have had prior electronic and telephonic discussions with counsel for MetLife regarding adding the Estate as a party and the filing of this motion to intervene. The Estate, in the interest of thoroughness, filed a claim against the

Benefits on September 27, 2013 with counsel for MetLife. Based upon the foregoing, any unreasonableness in length of time should be excused.

### ii. The existing parties will have suffered only minimal prejudice, if any, by the length of time passed up to the filing of this motion to intervene.

As stated above, the Decedent was killed approximately 19 months before this action was filed. Due to the circumstances surrounding the Decedent's death, the existing parties knew that the length of time until an ultimate disposition was made could be great. Considering this, the existing parties have not suffered prejudice from the Estate filing approximately five months after this action was commenced.

### iii. The Estate would be greatly prejudiced if its motion is denied.

The Estate has a valid interest in the disbursement of the Benefits. If the Estate is denied the right to intervene, the Estate would be prejudiced in such a manner as to deny its ability to be properly administered. Moreover, the Administrator of the Estate could potentially face liability if it is later determined that disbursement of the funds would constitute waste of the Estate.

### iv. The Estate was effectively in limbo due to previous conversations with MetLife and thus unusual circumstances exist that mitigate for the determination that its motion is timely.

The prior dealings between the Administrator and MetLife indicate that MetLife should have known that the Estate would be a proper party to this action. In an August 5, 2013 letter from the Decedent's employer, the prior and direct dealings with MetLife are acknowledged. (*see Letter from Clay Humphries*, attached as Exhibit D).

The prior correspondence indicate unusual circumstances in that a county administrator in DeKalb County, Alabama, has provided notice to both the employer and MetLife regarding the Estate's interest in the Benefits, but for one reason or another the Estate was omitted as a party in this action. The time accruing between the initial filing and the Estate's motion to intervene is effectively a time spent in limbo conducting discussions regarding the Estate's interest with MetLife and acquiring representation for the Estate with regards to this matter.

**2. The Estate has an interest in the Benefits or in the disbursement of the Benefits to one of the existing parties.**

The Estate's interest in the Benefits arises under the policy language of the Plan. While the particular provision of the Plan indicates that MetLife may determine the beneficiary to be (i) a spouse, (ii) child(ren), (iii) parent, or (iv) sibling(s), the provision also provides that MetLife "may pay [the Estate]." (Doc. 1-1, p. 80). The wording of the policy – specifically the use of the word "may" – does not create a mere remote interest of the Estate in the Benefits.

Under ERISA, a beneficiary is defined as "… a person designated by a participant, or by the terms of an employee benefit plan, who is or **may** become entitled to a benefit thereunder." 29 U.S.C §1002(8) (emphasis added). To be certain that the term "person" would include the Estate, §1002(9) defines a person as "… an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, **estate**, unincorporated organization, association, or employee organization." 29 U.S.C. §1002(9) (emphasis added).

Therefore, the Estate is a potential beneficiary pursuant to the terms and provisions of the Plan as is consistent with federal law. As a beneficiary of the

Benefits, the Estate has a direct interest in the property that is the subject of this action. Furthermore, the Estate's interest in the Benefits is "… substantial and legally protectable." *Georgia v. U.S. Army Corps. of Eng'rs.,* 302 F.3d 1242, 1249 (11th Cir.2002).

The policy language of the Plan also makes the Estate's interest substantial. The selection of one or more of the familial categories provides for one option, but the alternative option – the payment into the Estate – is prefaced with the specific qualifying clause: "[i]nstead of making payment to any of the [familial beneficiaries]." This qualifying clause seemingly creates the circumstance that the Estate is an all or nothing beneficiary. If it is determined that the Estate is the proper beneficiary, the corpus of the Benefits would constitute the Estate's most substantial asset. Therefore, the Estate has a substantial interest in Benefits as well as a legally protectable interest in defending against the competing claims.

**3. Disposition of this action would impair or impede the Estate's ability to protect its interests as well as the interests of those whom it owes a duty.**

Disposition of this action could result in payment(s) of the Benefits to various parties: (i) potential beneficiaries of the Estate, (ii) creditors of the Estate, and (iii) individuals who are not beneficiaries of the Estate. If such disposition occurs, the Estate and its Administrator could be subject to liability for waste of the Estate's assets. The payment of the Benefits to those who would not otherwise be entitled to inherit under Alabama's intestacy laws is an occurrence in which the Estate would have no recourse. Intervention in the present action is the only remedy that allows the Estate the ability to properly protect its interests.

**4. The Estate is not adequately represented by the existing parties.**

In order to satisfy the inadequacy requirement, the Estate need only show that representation of its interest by the current parties "may be" inadequate. *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972)). "'[T]he burden of making that showing should be treated as **minimal**.'" *Id.* (emphasis added).

The existing parties do not owe a duty to represent the Estate's interest in this action. Conversely, the Estate – through its Administrator – owes a duty to at least some of the existing parties, as well as others not participating. Alabama law regarding an Administrator is that "[a]n executor occupies a position of trust with respect to those interested in the estate and is the representative of the decedent, of creditors and of the legatees and distributees." *Maryland Casualty Co. v. Owens,* 261 Ala. 446, 451, 74 So.2d 608, 612 (1954).

### III.   The Estate should be permitted to intervene under Rule 24(b).

Should the Court find that the Estate does not have an unconditional right to convene pursuant to a federal law, and that it has not met all four requirement for intervention as a matter of right, the Court should grant permissive intervention under Rule 24(b). Permissive intervention is appropriate where "a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia,* 302 F.3d at 1250. The Estate's request meets both prongs of this test.

First, the Complaint in interpleader requests the Court to determine the proper beneficiary. The Estate, as discussed above, is a potential beneficiary – as are the existing parties – and the subject matter of the action would consequently share several questions of law and fact with the proposed claim of the Estate.

**Motion to Intervene – Estate of Barry Stone**
Metropolitan Life Insurance Co. v. Tony R. Stone, et al.

Page **10** of **13**

Second, as previously discussed, the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. The prejudice to the Estate if disallowed to intervene far exceeds the prejudice, if any, suffered by the original parties.

## CONCLUSION

Based upon the foregoing, the Estate contends that it has met all of the prerequisites under Rule 24 and that it is entitled to intervene as a matter of right. The existing parties to can only assert a claim of interest in the Benefits based upon the provisions in the Plan. This same provision affords the Estate the same claim. The Estate also meets the requirements for permissive intervention under Rule 24(b). The Estate and the existing parties' claims and defenses all share the same questions of law and fact.

**WHEREFORE, PREMISES CONSIDERED**, the Estate respectfully requests that it be made a party to this action and that its Answer be entered on the docket.

Dated: October 9, 2013

Respectfully submitted,

s/ Christopher S. Hamer
Christopher S. Hamer (ASB-5332-R58H)
HAMER LAW GROUP, LLC
205 20th Street N, Suite 710
Birmingham, AL 35203
205-218-4436 (phone)
888-908-7234 (fax)
Chris.hamer@hamerlawgroup.com

s/ Keith R. Lee
Keith R. Lee (ASB-1180-H68L)
HAMER LAW GROUP, LLC
205 20th Street N, Suite 710
Birmingham, AL 35203
205-994-4330 (phone)
888-908-7234 (fax)
keith.lee@hamerlawgroup.com


s/ W. Alan Duke, Jr.
W. Alan Duke, Jr. (ASB-6099-E60D)
HAMER LAW GROUP, LLC
205 20th Street N, Suite 710
Birmingham, AL 35203
205-283-5745 (phone)
888-908-7234 (fax)
alan.duke@hamerlawgroup.com


Attorneys for the Estate of Barry Stone

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this the 10<u><sup>th</sup></u> day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following participants:

Jessica L. Jones
Bradley Arant Boult Cummings LLP
*Counsel for Plaintiff*

I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid to the following participants in the case who are not registered CM/ECF users:

D.S.
c/o Mary Stone Ayers
P.O. Box 2304
Rome, Georgia 30164

Helen Pappalardo
c/o Terry Butler
112 Club Drive
Cedartown, Georgia 30125

Todd Stone
1706 Fruit Farm Road
Fort Payne, Alabama 35967

Terry Butler
112 Club Drive
Cedartown, Georgia 30125

Lezlie Parrish Massey
3201 Colesbury Drive
Hoover, Alabama 35226

Amber Williams
7445 County Road 16
Centre, Alabama 35960

Sherry Stone
c/o Stone Dog Salon
3920 Mayberry Drive
Reno, Nevado 89519

Wilson Funeral Home
c/o Ronald H. Highfield
3801 Gault Avenue North
Fort Payne, Alabama 35967

Tony R. Stone
AIS #286807
Bibb County Correctional Facility
565 Bibb Lane
Brent, Alabama 35034

Harry Stone
1747 County Road 107
Fort Payne, Alabama 35967

/s/ Christopher S. Hamer
Christopher S. Hamer