FILED
2013 Oct-23 AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:13-cv-891-JHH |
| TONY R. STONE; TODD STONE; AMBER WILLIAMS; LEZLIE PARRISH MASSEY; HELEN EFFIE PAPPALARDO; MARY STONE AYERS, as Legal Guardian to D.S.; HARRY STONE; SHERRY STONE; TERRY BUTLER; and WILSON FUNERAL HOME, | ) ) ) ) ) | |
| DEFENDANTS. | ) | |

## ORDER

The court has before it the October 10, 2013 Motion (Doc. #32) to Intervene and Memorandum in Support filed by the Estate of Barry Stone. The Estate files its Motion pursuant to Rule 24 of the Federal Rules of Civil Procedure and seeks to intervene in the above action to protect its interest in the life insurance benefits at issue in this interpleader action. After consideration of the Motion and Memorandum, the court agrees with the Estate and the Motion is due to be granted.

**I. Background**

The Decedent, Barry Stone, was an employee of Fruit of the Loom and a participant in the Fruit of the Loom Welfare Benefit Plan ("the Plan"), an ERISA-regulated employee welfare plan sponsored by Fruit of the Loom and funded by a group life insurance policy issued by Plaintiff Metropolitan Life Insurance Company ("MetLife"). (Compl. ¶ 14.)  The Decedent's son, Tony Stone, was designated as the sole primary beneficiary on the Plan. (Id. ¶ 20.; Exh. C to Compl.)   The Summary Plan Description explains that a participant in the Plan may change his or her beneficiary at any time.  It further states as follows:

> If there is no beneficiary designated or no surviving beneficiary at your death, we may determine the beneficiary to be one or more of the following who survive you:
>
> • Your Spouse;
> • Your child(ren);
> • Your parents; or
> • Your siblings
>
> Instead of making payment to any of the above, we may pay your estate.  Any payment made in good faith will discharge our liability to the extent of such payment.  If a beneficiary or a payee is a minor or incompetent to receive payment, we will pay that person's guardian.

(Compl. ¶ 17; Exh. A to Compl.)

Barry Stone was killed on October 10, 2011, and his death was ruled a

2

homicide. (Compl. ¶¶ 18, 24.) At the time of his death, the Decedent was enrolled under the Plan for various life insurance benefits in an amount totaling $110,000.00. (Id. ¶ 19.) The Plan benefits became payable to the proper beneficiary upon the Decedent's death. (Id.)

The problem for MetLife, however, was that Tony, the sole beneficiary, was the lead suspect in his father's death. (Id. ¶¶ 21 & 22.) Tony was arrested and charged with the Decedent's murder on January 11, 2012. (Id. ¶ 22.) While the criminal process was taking place, on March 1, 2012, Mary Stone, the Decedent's ex-spouse, completed a claim form. (Id. ¶ 23; Exh. F to Compl.) Then, on September 4, 2012, Tony pled guilty to manslaughter. (Id. ¶ 24; Exh. G. to Compl.) One month later, another son of Decedent, Todd Stone, assigned $6,694.00 of the Plan benefits to the Wilson Funeral Home. (Id. ¶ 25; Exh. H to Compl.) Todd Stone completed a claim for on December 14, 2012. (Id. ¶ 26; Exh. I to Compl.)

Faced with the above, MetLife decided to let a court determine who was the rightful beneficiary under the Plan. MetLife, therefore, filed the instant interpleader action on May 10, 2013.[1] (See Compl.) MetLife identified nine alternative beneficiaries: (1) Tony R. Stone, son of decedent; (2) Todd Stone, son of decedent;

---

[1] The court does not have any information as to why MetLife delayed in filing the instant action.

(3) Amber Williams, daughter of decedent; (4) Lezlie Parrish Massey, daughter of decedent; (5) Helen Effie Pappalardo, mother of decedent; (6) D.S., a minor child of decedent; (7) Terry Butler, sister of decedent; (8) Sherry Stone, sister of decedent; and (9) Wilson Funeral Home. (Id. ¶¶ 2-11.) MetLife did not name the Estate of Decedent as a possible beneficiary in the instant interpleader action.

## II. Discussion

The Estate argues in its Motion (Doc. #34) to Intervene that it has an unconditional right to intervene pursuant to 29 U.S.C. § 1132(a)(1). Specifically, the Estate argues that because it is a potential beneficiary of the benefits, it would have authority to bring a civil action to enforce its rights. (Id. at 3-5.) The Estate also contends that intervention is appropriate to protect the Estate's ability to affect proper administration. (Id. at 5.) The Estate argues that it can establish all the necessary requirements to intervene as of right under Rule 24(a)(2): (1) its application to intervene is timely; (2) it has an interest relating to the property which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. See Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302 (11th Cir. 2008). (Doc. # 34 at 5-10.)

Regardless of whether the Estate can satisfy these four requirements to

intervene as of right, however, there is an alternative way to intervene under Rule 24(b) - permissive intervention.  Permissive intervention is appropriate where "a party's claim or defense and the main action have a question of law or fact in common and th intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."  Georgia v. U.S. Army Corps. of Eng'rs., 302 F.3d 1242, 1250 (11th Cir. 2002).  The Estate's request to intervene clearly falls into this category. The interpleader Complaint requests the court to determine the proper beneficiary, and the Estate is clearly a potential beneficiary under the Plan. Additionally, the intervention would not unduly prejudice or delay the adjudication of the rights of the original parties as this case is in its infancy.

Based on the above, the court determines that the Estate is a proper party to this action and **SHALL** allow intervention under Rule 24(b), and the Motion (Doc. #34) to Intervene is due to be granted.   The Estate will be named a Defendant to this action <u>without further order of the court</u> unless any party **SHOWS CAUSE** why it should not be allowed to intervene on or before **November 12, 2013**.

**DONE** this the ___23rd___ day of October, 2013.

_James H. Hancock_
SENIOR UNITED STATES DISTRICT JUDGE