FILED
2013 Oct-24  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:13-cv-891-JHH |
| **TONY R. STONE; TODD STONE; AMBER WILLIAMS; LEZLIE PARRISH MASSEY; HELEN EFFIE PAPPALARDO; MARY STONE AYERS, as Legal Guardian to D.S.; HARRY STONE; SHERRY STONE; TERRY BUTLER; and WILSON FUNERAL HOME,** | ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

## ORDER

The court has before it the September 20, 2013 Motion (Doc. #30) to Pay Funds Into the Court and for An Order of Dismissal filed by Plaintiff Metropolitan Life Insurance Company ("MetLife").   The motion seeks the following four items: (1) leave to deposit the death benefit, plus applicable interest (if any), due under the life insurance plan; (2) a discharge of any and all liability with respect to, affecting,

or in any way arising out of the policy at issue; (3) an injunction against the interpleader Defendants and any other later-named individuals or entity from instituting or prosecuting any action in federal, state or administrative forum against MetLife; and (4) an award of reasonable attorneys' fees and costs.

The court finds that the motion is due to be **GRANTED IN PART AND DENIED IN PART**. Plaintiff is permitted to pay the death benefit due, plus applicable interest, into the Registry of the Court to be placed in an interest bearing account pending further orders of the court. After MetLife deposits such funds into the Registry of the Court, there is no reasons for MetLife to remain a party to this action. Accordingly, after the deposit of the funds, MetLife will be dismissed from this cause of action, with prejudice, <u>without further order of the court</u>. Thereafter, MetLife will be discharged from any further liability to the Defendants as well as any other later-named individual(s) or entity.

The motion also seeks attorneys' fees and costs associated with filing the interpleader complaint. That portion of the motion is due to be denied. The court is well-aware that the Eleventh Circuit has found attorneys' fees to be justified in many interpleader actions for several reasons. See <u>In re Mandaley Shores Co-op. Housing Ass'n, Inc.</u>, 21 F.3d 380, 383 (11th Cir. 1994). First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than

multiplicitous, piecemeal litigation.  Id.  Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants.  Id.  Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset.  Id.

That being said, however, the Eleventh Circuit has also determined that there are circumstances when attorneys' fees are not warranted.  One of those circumstances is when a stakeholder's interpleader claim arises out of the normal course of business.  See id.; see also Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co., 537 F. Supp. 1147, 1150 (M.D. Ga. 1982).  This standard very typically is applied to insurance companies and it has also been applied to banks.  See In re Mandaley Shores Co-op. Housing Ass'n, Inc., 21 F.3d at 383 (citations omitted).  The reasons for denying attorneys fees and costs in these circumstances were well-stated in Minnesota Mutual Life Ins. Co. v. Gustafson, 415 F.Supp. 615 (W.D.Ill.1976) :

> [A]ttorneys' fees should not be granted to the stakeholder as a matter of course in interpleader actions concerning the proceeds of insurance policies. Although it is true that an interpleader action benefits both claimants and the courts by promoting expeditious resolution of the controversy in one forum, the chief beneficiary of an interpleader action is the insurance company. An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader action

> relieves the company of this risk by eliminating the potential harassment and expense of a multiplicity of claims and suits. Furthermore, it discharges the company from all liability in regard to the fund. It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest.

415 F. Supp 615 at 618-19.  " As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular costs of business and, is undeserving of a fee award." In re Mandalay Shores Co-op. Housing Ass'n, Inc., 21 F.3d at 383.

The court agrees with this reasoning and finds it applicable here.  First, MetLife is not a disinterested, innocent stakeholder.  As an insurer, MetLife is seeking attorneys fees and costs expended as a result of a dispute which arose over the proceeds of a life insurance policy issued and paid for by MetLife. Thus, MetLife did not innocently come into possession of the disputed funds. Additionally, MetLife seeks a discharge from all liability with regard to the funds, making the filing of the interpleader action clearly in MetLife's self interest.   Finally, because MetLife is an insurance company, the claims in this case were of the type that arise in the ordinary course of business.  These costs, expenses and/or attorneys' fees are the type that

MetLife can plan for as a regular cost of doing business.  Therefore, in the exercise of its discretion, the court finds that Plaintiff MetLife is not entitled to the costs, expenses or attorneys fees it incurred in bringing this interpleader action.

For the foregoing reasons, the Motion (Doc. #30) to Pay Funds into the Court is **GRANTED IN PART AND DENIED IN PART**.  MetLife may pay the death benefit due, plus any applicable interest, into the Registry of the Court to be placed in an interest bearing account.  Upon such payment, MetLife will be dismissed from this cause of action, with prejudice, <u>without further order of the court</u>.  The portion of the Motion seeking attorneys' fees and costs is, therefore, **DENIED**.

**DONE** this the   24th   day of October, 2013.

_James H. Hancock_
SENIOR UNITED STATES DISTRICT JUDGE